## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**THOMAS WILLIAM DUPREE, JR.**                              **PLAINTIFF**

**V.**                              **4:08CV00327 JMM**

**CITY OF JACKSONVILLE, ARKANSAS;**
**OFFICER CHARLES WELLS; AND**
**OFFICER GREG ROZENSKI**                              **DEFENDANTS**

### ORDER GRANTING SUMMARY JUDGMENT

Pending is the Defendants' Motion for Summary Judgment.  The Plaintiff has responded and the Defendants have replied.  For the reasons set forth below, the Motion is GRANTED.

Facts[1]

On or about December 12, 2007, Christy Kiesling, the biological mother of Plaintiff's minor children, filed a Petition for an Order of Protection in the Circuit Court of Pulaski County, Arkansas.  The Petition was given the case number 2007-5805.  Ms. Kiesling made allegations that Plaintiff had committed acts of domestic violence against her and that their three minor children had been victims of sexual and physical abuse by Plaintiff.  The Circuit Court entered an Ex Parte Temporary Order of Protection ("the Protection Order").  The style of the Order lists Christy Kiesling on behalf of her minor children.  (Complaint at Exhibit C).  The Order states as follows:

> Now on this day, December 12, 2007, the Verified Petition for an Order of Protection signed by CHRISTY KIESLING, Petitioner, on behalf of HERSELF victims(s), comes on for hearing before the Honorable Mary Spencer McGowan, Circuit Judge for Pulaski County, State of Arkansas.  Upon the testimony presented, the Court finds sufficient evidence to support the Petition alleging that the victim(s) is (are) in immediate and present danger of domestic abuse and, therefore, an Ex Parte Temporary Order of Protection is necessary.

---

[1] There are no material facts in dispute.

IT IS , THEREFORE, ORDERED BY THE COURT, THAT:

**THOMAS WILLIAM DUPREE** is excluded from the dwelling which the parties share or from the residence of the Petitioner or victim. **Address of residence:** 7209 NORTHLAKE DR. JACKSONVILLE, AR 72076.

**THOMAS WILLIAM DUPREE** is excluded from the following locations:
**Employer Name:**      **N/A**
**Address:**
**Name of School:**     **N/A**
**Address:**
**Other (identify):**   **N/A**

**CHRISTY KIESLING** is awarded temporary custody of the minor child(ren), **N/A**

A law enforcement officer with jurisdiction is ordered to accompany the Petitioner and assist in placing the Petitioner in possession of the dwelling or residence, or to otherwise assist in execution or service of the order of protection.

\* \* \*

(Complaint at Ex. C).

On or about December 14, 2007, Officer Charles Wells received a phone call informing him that Ms. Kiesling had paperwork showing that she had temporary custody of her minor children and requesting an officer to respond to assist in the return of her children. (Charles Wells, Dep. at p. 7-9). Officer Wells contacted Officer Greg Rozenski and asked Officer Rozenski to meet Officer Wells at the house where Ms. Kiesling was located. *Id.* at 9. Wells and Rozenski (the "Officers") met Ms. Kiesling and reviewed the Petition and Protection Order. Ms. Kiesling claimed "that she had been awarded custody of the children in reference to allegations that Mr. Dupree, Junior, was sexually molesting the children, and that she that she [sic] was awarded – had an Order of Protection . . . . *Id.*

The Officers drove to Plaintiff's residence.   Officers Rozenski and Wells showed Plaintiff the Petition for Order of Protection and the Ex Parte Temporary Order of Protection. They discussed with Plaintiff that they believed that the Protection Order granted custody of the minor children to Ms. Kiesling.  Both Officers believed that the Petition was brought on behalf of the minor children and, therefore, the Order protected the minor children.  (Wells Dep. at p. 10;  Rozenski Dep. at p.14).  Plaintiff disagreed with the Officers' interpretation of the Order and refused to relinquish the children.  (Rozenski Dep. at p. 14-15).  Plaintiff told the Officers that he had been granted sole custody of the children by the Circuit Court in 2006.  Plaintiff told the Officers that he was not going to help the Officers turn over custody of his children to Ms. Kiesling even if that meant he was going to be arrested.  (Pl. Dep. at 56-58).  Officer Rozenski explained that an arrest was not his preferred course of action.  (Pl.'s Dep. at p. 57).  Rozenski further explained that if Plaintiff disagreed with the Order, he should contact an attorney and approach the court about having the Order changed.

Officer Wells contacted a supervising officer, Lieutenant Smiley, about the situation while at Plaintiff's residence.  (Pl.'s Dep. at p. 53).  Officer Wells read the Order to him, explained the situation, and asked Lieutenant Smiley if he believed that Wells and Rozenski "were doing the right thing."  (Wells Dep. at p. 18).  Lieutenant Smiley answered, "Yes, sir, go ahead and do that."  *Id.*  Officer Rozenski arrested Plaintiff for interference with custody.  The minor children left with Ms. Kiesling.

On December 17, 2007, the Circuit Court entered an Order requiring the Jacksonville Police Department to return the children to Plaintiff.  The Order stated that "law enforcement officers may have mistakenly or deliberately mis-read this Court's order of December 12, 2007."

(Order, Pl.'s Ex. J to Mot. For Summ. Judg.).  Officer Rozenski, on behalf of the Jacksonville

Police Department, requested that the charges against the Plaintiff be dismissed.  (Pl.'s Ex. K to

Response to Mot. For Summ. Judg.).

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so

that the dispute may be decided solely on legal grounds.  *Holloway v. Lockhart*, 813 F.2d 874

(8th Cir. 1987);  Fed. R. Civ. P. 56.  The Supreme Court has established guidelines to assist trial

courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there
> is a need for trial -- whether, in other words, there are genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be

invoked carefully so that no person will be improperly deprived of a trial of disputed factual

issues.  *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*,

444 U.S. 991 (1979).  The Eighth Circuit set out the burden of the parties in connection with a

summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to
> demonstrate, *i.e*., '[to] point out to the District Court,' that the
> record does not disclose a genuine dispute on a material fact.  It is
> enough for the movant to bring up the fact that the record does not
> contain such an issue and to identify that part of the record which
> bears out his assertion.  Once this is done, his burden is
> discharged, and, if the record in fact bears out the claim that no
> genuine dispute exists on any material fact, it is then the
> respondent's burden to set forth affirmative evidence, specific
> facts, showing that there is a genuine dispute on that issue.  If the
> respondent fails to carry that burden, summary judgment should be

4

granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)).  Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

<u>Discussion of the Law</u>

Plaintiff claims that Officers Wells and Rozenski, acting in both their individual and official capacities, violated his constitutional rights under the Fourth and Fourteenth Amendments when they subjected him to a wrongful arrest.  Plaintiff claims that the Officers, acting in their individual and official capacities, violated his due process rights under the Fourteenth Amendment by unlawfully depriving him of his liberty interest in the care, custody, and control of his children.  Plaintiff also included claims against the City of Jacksonville, Arkansas, for deprivation and violations of his constitutional rights which allegedly occurred according to the City's customs, policies, and practices.  Plaintiff makes these claims pursuant to 42 U.S.C. § 1983, and the Court has jurisdiction over the claims under 28 U.S.C. § 1331.  In addition to his federal constitutional claims, Plaintiff makes these claims under the Arkansas constitution and Arkansas law for false arrest and false imprisonment.

I.    <u>Qualified Immunity</u>

Defendants contend that they are entitled to qualified immunity as to all constitutional claims against them in their individual capacities.  "[G]overnment officials are entitled to a dismissal if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  *Brockinton v. City of Sherwood, Ark.*  503 F.3d

5

667, 672 (8th Cir. 2007).  "[T]o withstand a motion for summary judgment on qualified immunity grounds, a civil rights plaintiff must (1) assert a violation of a constitutional right; (2) demonstrate that the alleged right is clearly established; and (3) raise a genuine issue of fact as to whether the official would have known that his alleged conduct would have violated the plaintiff's clearly established right."  *Id.*  "If the allegations and undisputed facts do not amount to a constitutional violation, there is no necessity for further inquiries concerning qualified immunity."  *Id.*

    A.   <u>The Arrest</u>

Plaintiff claims that Officers Wells and Rozenski violated his constitutional rights under the Fourth and Fourteenth Amendments when they subjected him to a wrongful arrest.  "[A] Fourth Amendment seizure . . . occur[s] . . . only when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 596-7, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989).  However, "[s]eizure alone is not enough for § 1983 liability; the seizure must be unreasonable." *Id.* at 599.  Plaintiff further asserts that the Officers violated his Fourteenth Amendment right to due process by failing to conduct an adequate investigation before arresting him.

On the night of Plaintiff's arrest, Ms. Kiesling provided the Officers with her Petition for Protective Order and the subsequent Protective Order entered by the Circuit Court.  The Petition clearing stated that it was being brought by Ms. Kiesling on behalf of her three children.  In the Petition, Ms. Kiesling alleged that her daughter had stated that Plaintiff sexually abused her and her sister and physically abused her brother, and that Plaintiff drug the children by their hair and feet across the concrete floor until they were silent.  Ms. Kiesling alleged that Plaintiff had

pulled guns on her.  In response to the Petition, the Circuit Court entered an Ex Parte Temporary

Order of Protection which stated, in part, that the Circuit Court found "sufficient evidence to

support the Petition alleging that the victim(s) is (are) in immediate and present danger of

domestic abuse. . . ."  (Complaint at Ex. C).

After review of the documents, the Officers went to Plaintiff's residence to enforce the

Protective Order.  The Officers thought that the Protective Order was entered to protect Ms.

Kiesling and her three minor children from the Plaintiff's abuse.  When the Officers requested

that Plaintiff surrender the children to Ms. Kiesling, Plaintiff refused.  Plaintiff told the Officers

that they would have to arrest him because he would not abide by their request to turn over the

children to Ms. Kiesling's custody.  He told the Officers that he had a 2006 Order awarding him

custody of the children.  However, Ms. Kiesling's Petition included the information that Plaintiff

had been awarded custody of the children.  Still, the Court entered an Order of Protection on

behalf of the three children.  The Order did not clearly state that Plaintiff was to retain custody of

the children.  Instead, it stated, "Christy Kiesling, is awarded temporary custody of the minor

child(ren), N/A."  (Complaint at Ex. C).

The Officers called Lieutenant Smiley of the Jacksonville Police Department for

direction.  Officer Wells read the Protective Order to Lieutenant Smiley over the telephone and

Lieutenant Smiley told the Officers to go forward with the arrest of Plaintiff.

The question that the Court must ask is "whether a reasonably competent officer could

believe there was probable cause to arrest" the Plaintiff.  *Martin v. Russell,* 2009 WL 1212807, 2

(8th Cir. 2009)(quoting *Habiger v. City of Fargo*, 80 F.3d 289, 295 (8th Cir. 1996), *cert. denied*,

519 U.S. 1011, 117 S.Ct. 518, 136 L.Ed.2d 407 (1996)).  "There is no constitutional or statutory

requirement that before an arrest can be made the officer must conduct a trial." *Morrison v. U.S.,* 491 F.2d 344, 346 (8th Cir. 1974).

The Officers examined the Petition and the Protective Order and considered Plaintiff's explanation before proceeding with the execution of the Order. Plaintiff would not abide by the Order. Therefore, the Officers arrested him for interference with custody, a violation of Arkansas Code Section 5-26-502.[2] (Pl.'s Ex. 1 to Reply to Mot. For Summ. Judg.). Even though the Officers were ultimately incorrect in their interpretation of the Protective Order, they were reasonable in the belief that they had probable cause to arrest the Plaintiff for interference with custody. Thus, Plaintiff has not established a violation of his constitutional right under the Fourth and Fourteenth Amendments for unlawful arrest or failure to properly investigate. Defendants' Motion for Summary Judgment of Plaintiff's claims of wrongful arrest against Officers Wells and Rozenski is GRANTED.

B.    The Children

"[P]arents have a liberty interest in familial relationships and have an important substantive due process right to control the care and custody of their children." *Dornheim v. Sholes,* 430 F.3d 919, 925 (8th Cir. 2005). However, "'the liberty interest in familial relations is limited by the compelling governmental interest in the protection of minor children, particularly in circumstances where the protection is considered necessary as against the parents themselves.'" *Manzano v. S.D. Dep't. of Soc. Servs*., 60 F.3d 505, 510(8th Cir. 1995)(quoting

---

[2] Ark. Code Ann. § 5-26-502 states in relevant part: "(a) A person commits the offense of interference with court-ordered custody if the person: (1) Knowing that he or she has no lawful right to do so, takes, entices, or keeps any minor form any person entitled by a court decree or order to the right of custody of the minor. . . ."

*Myers v. Morris*, 810 F.2d 1437, 1462 (8th Cir. 1987)).  In cases where the rights of the parent are balanced against the state's interest in protecting the child, the qualified immunity defense is difficult to overcome.  *See Dornheim*, 430 F.3d at 926.  "Even where this balancing reveals a constitutional violation, qualified immunity still applies unless the constitutional violation was so clear that an objectively reasonable official under the circumstances would have recognized the disproportionality or lack of reasonable suspicion." *Abdouch v. Burger,*  426 F.3d 982, 987 (8th Cir. 2005).

On December 12, 2007, the Officers had a judicial order which stated that Ms. Kiesling and Plaintiff's minor children were in immediate and present danger of domestic abuse.  The Petition for the Protective Order gave the details of the alleged abuse and the Circuit Court granted the Petition.  Because the Order was ambiguous as written, a reasonable officer could have interpreted the Order to require the officer to protect the minor children from the Plaintiff.  Accordingly, the Court finds that the Officers actions did not rise to the level of a constitutional violation.  Defendants' Motion for Summary Judgment of Plaintiff's substantive due process claims against Officers Wells and Rozenski is GRANTED.

Plaintiff further claims that his procedural due process rights were violated by the Officers.  "To establish a procedural due process violation, a plaintiff need not only show a protected interest, but must also show that he or she was deprived of that interest without sufficient process, i.e., without due process.  The due process clause ensures every individual subject to a deprivation "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965)).  The

circumstances of the deprivation dictate what procedures are necessary to satisfy this guarantee. *Mathews*, 424 U.S. at 333-34, 96 S.Ct. 893.  In the context of child removal cases, the "meaningful time" and "meaningful manner" assurances impose a duty on the state to hold a hearing promptly after the removal.  *See Whisman v. Rinehart*, 119 F.3d 1303, 1310-11 (8th Cir.1997).

The record reflects that the children were removed from Plaintiff's home on Friday evening, December 14, 2007.  On the following Monday morning, December 17, 2007, the Circuit Court entered an order clarifying that Plaintiff had custody of his children.  The children were returned to Plaintiff's custody on Monday.  Plaintiff was provided with a prompt and meaningful post-deprivation hearing.

Plaintiff further argues that the Officers violated his due process rights by failing to conduct an adequate investigation before removing the children.  To establish this violation, Plaintiff must show that the Officers' failure to investigate was intentional or reckless, thereby shocking the conscience.  "Negligent failure to investigate does not violate due process." *Brockinton,* 503 F.3d at 672 (8th Cir. 2007) (citing *Wilson v. Lawrence County, Mo.*, 260 F.3d 946, 955-56 (8th Cir.2001)).  While the Officers' actions or inactions may have been negligent, it did not rise to the level of intentional or reckless.  The Officers looked over the documents before proceeding to Plaintiff's residence, contacted a supervisor for direction, and considered that a previous custody order was in existence.  However, it was undisputed by the parties that the Protective Order at issue was the most recent Order of the Circuit Court.  Given the inherent volatility of domestic disputes, the Officers were not required to believe what Plaintiff said about previous court proceedings.  *See Martin v. Russell*, 2009 WL 1212807 *2 (8th Cir. 2009).  The

10

record does not contain any evidence that the Officers' actions shocked the conscience. Accordingly, Plaintiff suffered no procedural due process violation. Defendants' Motion for Summary Judgment of Plaintiff's procedural due process claims against Officers Wells and Rozenski is GRANTED.

Moreover, had the Court found that the Officers violated Plaintiff's constitutional rights under any of his theories of liability, the Officers would still be entitled to qualified immunity. "Officials do not lose their qualified immunity because of a mistaken, yet reasonable belief, nor do officials lose their immunity because of a reasonable mistake as to the legality of their actions." *Forrester v. Bass,* 397 F.3d 1047, 1054 (8th Cir. 2005). "[T]he purpose of the qualified immunity doctrine is to provide ample room for mistaken judgments and to protect 'all but the plainly incompetent or those who knowingly violate the law.'" *Smithson v. Aldrich,* 235 F.3d 1058, 1063 (8th Cir. 2000)(quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)). *See also Edwards v. Baer,* 863 F.2d 606, 607 (8th Cir. 1988)("The obvious function of the qualified immunity rule is to excuse an officer who makes a reasonable mistake in the exercise of his official duties.").

<u>Official Capacity Claims</u>

"This circuit has consistently recognized a general rule that, in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim." *Brockinton,* 503 F.3d at 674 (8th Cir. 2007)(quoting *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005)). The Court has found no constitutional violation by the individual defendants. Therefore, the City of Jacksonville, Arkansas, Officer Wells, in his official capacity, and Officer Rozenski, in his official capacity, cannot be held liable under § 1983.

11

Moreover, the Officers stated in their deposition that they were provided training through the Arkansas Law Enforcement Training Academy ("ALETA") and through field training. (Rozenski Dep. at p. 38; Wells Dep. at p. 17).  The record does not show an unconstitutional failure to train.  Plaintiffs have also failed to provide any evidence that there have been similar situations where a Jacksonville police officer misinterpreted a Protective Order.  Defendants' Motion for Summary Judgment of Plaintiff's claims against the City of Jacksonville and the Officers in their official capacities is GRANTED.

State Law Claims

When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually "will point toward declining to exercise jurisdiction over the remaining state law claims." *In re Canadian Import Antitrust Litigation,* 470 F.3d 785, 792 (8th Cir. 2006)(quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); *see also Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006); 28 U.S.C. § 1367(c)(3).  Because the Court has dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.   Defendants' Motion for Summary Judgment of Plaintiff's state law claims is GRANTED.

For the reasons set forth above, Defendants' Motion for Summary Judgment (Docket # 21) is GRANTED.  The pending motion in limine (Docket # 36) is MOOT.  The Clerk is directed to close the case.

IT IS SO ORDERED this 13th day of May 2009.

_____
James M. Moody
United States District Judge